IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:17-CR-95-WKW |
| | ) | [WO] |
| ADRIN KASHAD DOSTER | ) | |

**ORDER**

On March 14, 2018, Defendant Adrin Kashad Doster was sentenced to 156 months' imprisonment after pleading guilty to possession with intent to distribute controlled substances and possession of a firearm in furtherance of a drug trafficking crime, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 924(c).  (Doc. # 42.) Before the court is Defendant's *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  (Doc. # 50.)  Defendant seeks compassionate release due to the 2024 nonretroactive change in the law under Amendment 829, the youthful offender amendment to § 5H1.1 of the United States Sentencing Guidelines (U.S.S.G).

The Government filed a response in opposition (Doc. # 53), arguing that Defendant "has neither provided any evidence of exhausting his administrative rights nor identified the 'extraordinary and compelling reasons' required for a sentence reduction."  (Doc. # 53 at 3.)  Replying, Defendant asserts, without proof, that he "has properly exhausted his administrative remedies" and contends that the

Government is attempting to impermissibly "shift[] the burden of exhaustion on him." (Doc. # 54 at 2.) For the reasons to follow, the motion will be denied.

Under § 3582(c)(1)(A), a district court may reduce a term of imprisonment if three conditions are met: "(1) the § 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and . . . (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (per curiam). All three conditions must be satisfied for the court to grant a motion for compassionate release. *See id.* Additionally, § 3582(c)(1)(A) includes a non-jurisdictional exhaustion requirement. *See United States v. Stinson*, 2023 WL 9016455, at *1 n.2 (11th Cir. Dec. 29, 2023) (per curiam) ("We have held that § 3582(c)(1)(A)'s exhaustion requirement is not jurisdictional but rather is a claim-processing rule. But we left open the question of whether the exhaustion requirement is mandatory in the sense that the court must enforce the requirement if the government raises it." (citing *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021)). Defendant's motion fails for at least three reasons.

First, the Government argues that Defendant has not shown exhaustion of administrative remedies. In response, Defendant merely asserts compliance with § 3582(c)(1)(A) without providing supporting evidence. Several district courts

have denied motions for compassionate release under similar circumstances, where the defendant failed to substantiate exhaustion claims. *See United States v. Moralez-Alcaraz*, 2021 WL 5391136, at *4 (E.D. Tex. Nov. 18, 2021) (observing that "[t]he few courts which have been confronted with the issue of the absence of a record of movant's administrative request typically deny the request for compassionate release for failure to exhaust administrative remedies," but distinguishing these cases on factual grounds (collecting cases)); *see also United States v. Goodwin*, 2021 WL 1966825, at *2 (S.D. Ala. May 17, 2021) (denying a compassionate-release motion because the defendant "failed to provide evidence" that he had exhausted his administrative remedies). Thus, there is authority supporting the denial of Defendant's motion for compassionate release based on his failure to demonstrate exhaustion of administrative remedies prior to filing.

Second, even if Defendant has met the exhaustion requirement, he has not shown extraordinary and compelling reasons for relief. The United States Sentencing Commission did not make Amendment 829 retroactive. This amendment, effective November 1, 2024, revises the policy statement in U.S.S.G. § 5H1.1, providing that "[a]ge may be relevant in determining whether a departure is warranted." However, only amendments listed in § 1B1.10(d) of the United States Sentencing Guidelines are retroactive, and Amendment 829 is not included.

*See* U.S.S.G. § 1B1.10(d).  The nonretroactivity of Amendment 829 is decisive of Defendant's motion.  Section 1B1.13(c) of the United States Sentencing Guidelines expressly states that changes in the law, including a nonretroactive amendment to the Guidelines, "shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement."  U.S.S.G. § 1B1.13(c).  Therefore, under § 1B1.13(c), the court cannot consider Amendment 829 as an extraordinary and compelling reason for compassionate release in Defendant's case.

Third, the court has considered all relevant 18 U.S.C. § 3553(a) factors, and they do not support granting compassionate release.  The sentence appropriately reflects the nature and circumstances of the offense, Defendant's history and characteristics, and the seriousness of the crime.  *See* § 3553(a).  It also serves to promote respect for the law, protect the public, provide just punishment, and deter others from committing similar offenses.  *See id.*

Based on the foregoing, it is ORDERED that Defendant's *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Doc. # 50) is DENIED.

DONE this 10th day of September, 2025.

/s/ W. Keith Watkins  
UNITED STATES DISTRICT JUDGE