IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:17-CR-95-WKW |
| | ) | [WO] |
| ADRIN KASHAD DOSTER | ) | |

## **ORDER**

Before the court is Defendant Adrin Kashad Doster's *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  (Doc. # 62.)  The motion is substantively identical to Defendant's prior compassionate release motion, except that the present motion attaches a petition to the warden requesting compassionate release.  (*See* Doc. # 50.)  In the current and prior motions, Defendant seeks compassionate release based on the 2024 nonretroactive change in the law under Amendment 829, the youthful offender amendment to § 5H1.1 of the United States Sentencing Guidelines (U.S.S.G.).  The initial motion was denied on September 10, 2025 (Doc. # 55), and Defendant's motion for reconsideration of that Order was denied on February 23, 2026 (Doc. # 61).  For the reasons outlined in these Orders (Docs. # 55, 61), the current motion also will be denied.

"[F]ederal courts do not have the authority to modify a term of imprisonment except to the extent expressly authorized by statute."  *United States v. McCoy*, 88 F.4th 908, 912 (11th Cir. 2023) (citing § 3582(c)), *cert. denied*, 144 S. Ct. 1041

(2024).   Under § 3582(c)(1)(A), as relevant here, the court may reduce a defendant's sentence if three conditions are met:   (1) the 18 U.S.C. § 3553(a) sentencing factors support the reduction; (2) "extraordinary and compelling reasons warrant such a reduction"; and (3) the reduction aligns "with applicable policy statements issued by the Sentencing Commission," specifically, U.S.S.G. § 1B1.13. 18 U.S.C. § 3582(c)(1)(A).   All three conditions must be satisfied for the district court to grant a motion for compassionate release.   *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021) (per curiam).   The burden rests with Defendant to demonstrate eligibility for a sentence reduction.   *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

Defendant has not demonstrated extraordinary and compelling reasons for compassionate release, and the relevant 18 U.S.C. § 3553(a) factors do not support it.   Because all preconditions under § 3582(c)(1)(A) have not been met, it is ORDERED that Defendant's *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Doc. # 62) is DENIED.

DONE this 2nd day of March, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE

2